vigorous words of the district attorney, indorsed as they had been by the court itself?"

We have quoted thus at length from the opinion of the court because we think the language is especially applicable to the opening and summing up of the district attorney in the case at bar, and that the decision in that case is an authoritative declaration that what appears in this case constituted reversible error. It follows that the judgment and order appealed from should be reversed, and a new trial ordered.

Judgment and conviction reversed, and proceedings remitted to the county court of Cattaraugus county, pursuant to section 547 of the Code of Criminal Procedure. All concur; ADAMS, P. J., in result only.

---

## MOHR v. LEHIGH VAL. R. CO.

(Supreme Court, Appellate Division, Third Department. November 14, 1900.)

1. MASTER AND SERVANT — INJURY TO SERVANT — RAILROADS — NEGLIGENCE— QUESTION FOR JURY.

Plaintiff, a brakeman employed in defendant's yard, was injured by being struck by a car on a parallel track while he was riding on the outside of a car being transferred to another track. At the point where the injury occurred the tracks curved irregularly for some distance, and were so close together that the space between the outer surfaces of passing cars did not exceed six inches, and was not sufficient to permit the safe passage of employés while climbing up the side of other cars, which fact was not noticeable to observers unless particular attention was called thereto. Plaintiff testified that he did not know the tracks were so close, or the nature of the curve. *Held*, in an action against defendant for the injury sustained, that the question of defendant's negligence for so laying its tracks was properly left to the jury.

2. SAME—RULES—WAIVER.

Where a rule of a railroad company forbade employés jumping on or off moving trains, the fact that there was evidence in an action for injuries to a brakeman, who jumped on a car being backed onto another track and attached to the engine, that it was customary for brakemen to jump on detached cars in transferring them, to protect them from collision with other cars, was insufficient to show that the company had waived the rule, since such evidence did not establish a custom for brakemen to jump on cars attached to and controlled by an engine.

3. SAME—CONTRIBUTORY NEGLIGENCE.

Plaintiff, a brakeman in defendant's yard, was injured by being struck with a car on a parallel track while hanging to the side of another car which was being transferred from one track to another. Plaintiff was not ordered to go upon the car, and it started to back without him. Another brakeman was on the train at the time, and the conductor was on the ground, where he could direct the engineer. Plaintiff testified that he jumped on the car because he thought it necessary to protect it from other cars, and that, when he found that because of a defective step he could not get to the top of the car, he made no effort to get off, but that he did not think of the car which was standing on the other track, and did not know that the tracks were so close that he was liable to be struck by the other car, though he knew the car was there. *Held*, that such evidence was not sufficient to show the absence of contributory negligence on plaintiff's part, and hence a judgment in his favor for the injury so received cannot be sustained.

Appeal from special term, Erie county.

Action by George W. Mohr against the Lehigh Valley Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Bissell, Carey & Cooke (Martin Carey, of counsel), for appellant.
Simon Fleischman, for respondent.

MERWIN, J. This action was brought to recover damages for personal injuries sustained by the plaintiff in the afternoon of the 8th of May, 1896, in the coal yard of the defendant in Buffalo. The plaintiff was a yard brakeman in the employ of the defendant, and had been so for a considerable time, and was familiar with the duties of the position. In the coal yard, at the place where the plaintiff was injured, there were three tracks, running northerly and southerly, the westerly one being called the "new switch track," the next one easterly the "old scale track," and the easterly one the "tunnel track." The old scale track and the tunnel track intersect about 122 feet northerly from the place of the accident, and the new switch track runs into the tunnel track about 330 feet northerly of the place of the accident. Upon the day in question a crew consisting of a conductor, an engineer, a fireman, and two brakemen, of whom the plaintiff was one, was engaged with an engine in taking a coal car from the new switch track and placing it upon the tunnel track. This car was 23 cars back, so that the whole string up to and including that had to be pulled out. This was done, the string being drawn northerly far enough to throw the desired car upon the tunnel track. The plaintiff, as end brakeman, was on the car detached, and remained there till it passed the switch onto the tunnel track. He then set the brake, left the car, and went back to the string of cars that was being returned to the new switch track. He got onto the easterly side of a car four or five cars from the rear or southerly end of the string. At this time, as the plaintiff testifies, the train was moving from four to six miles an hour. The plaintiff also testifies that in getting on he, with his right hand, took hold of a grab iron near the rear end of the car, and placed one foot in a step on the car that was about two feet above the rail; that, as his foot touched the step, one end of it swung around under the car, and he was not able to reach to the top of the car; that he then reached with his left hand round for a grab iron on the end of the car, but found none; that he then, with his left hand, took hold of a small platform at the end of the car, and placed his other foot also in the step, and in that position rode along till he came in contact with the side of a car standing on the old scale track, and was thrown to the ground and injured; that this car on the scale track was about 150 feet from the place where he got on. At the point of the accident, and for some distance on either side, the old scale and the new switch tracks are laid on a curve. There was evidence tending to show that this curve was irregular,—was a compound

curve; that at the point of the accident the distance between the tracks was less than 6 feet, while at a point 127 feet south and a point 50 feet north the distance was about 7 feet; that when a car like the one the plaintiff was on met at the place of the accident a car like the one there at that point, the space between the outer surfaces would be only about 6 inches; that the variation of the curve and the closeness of passing cars would not be noticed by the ordinary observer unless attention was particularly called to it. The plaintiff testified that prior to the accident he did not know that the tracks were so close; that his attention had never been called to that irregularity in the curve.

The trial court—properly, I think—left it to the jury to say whether the defendant was negligent in the laying of its tracks. The question whether the plaintiff showed that he was free from contributory negligence is, I think, a more serious question. There was a rule of the company, known to the plaintiff, declaring that "jumping on or off trains or engines while in motion," "hanging upon or hanging out beyond the sides of moving cars or engines," were imprudent and hazardous acts, and expose persons committing them to extraordinary dangers, and enjoining all employés to avoid such dangers, and warning them that, if they commit such acts, it will be at their own peril and risk. The court charged the jury that, if that rule was in force and operative against the plaintiff, he could not recover. Upon the part of the plaintiff it was claimed that the company had waived the rule by allowing it to be habitually disregarded in the yard in question. The court left it to the jury to say whether there had been a waiver, charging them that, if it was the habitual custom of the defendant to disregard it, it would amount to a waiver. There was evidence tending to show that in case a car or cars were detached from an engine and backed upon another track it was customary for the rear brakeman to jump upon the car or cars so detached, and see that they were properly protected. There is, however, practically no evidence of any custom to jump upon a moving train attached to and controlled by an engine. There was, I think, no evidence sufficient to sustain a finding that the rule, so far as applicable to the act of plaintiff in jumping on the moving train, was waived. When plaintiff left the detached car, and went back to the other cars, the car on the old scale track was in plain sight about 60 feet off. There was apparently no occasion for plaintiff to get onto the train moving back. He was not told to do so. The train did not, so far as appears, need him. It had started to go back without him. It was only necessary to shove the cars far enough onto the new switch track to allow of free passage of cars on the tunnel track. The other brakeman was on the train. The conductor was on the ground, where he could direct the action of the engineer. The train was in the control of the engine. The plaintiff says he got on because he thought it was necessary for him to do so to protect that string of cars. The evidence fails to show any such necessity, or any apparent reason for his thinking so, or any duty imposed upon him requiring him to jump on the moving train. When he found that by reason of the turning of the step he

could not get up on top of the car, he made no effort to get off, and says he does not know whether he could have gotten off or not. He made no effort to step onto the platform. He could reach the grab iron standing upon the ground. If so, it would seem that he could have stepped off had he chosen to do so. He says he did not think anything about the car on the other track, although he knew it was there. The court held that the defendant was not responsible for the defective step. Disregard of reasonable rules is contributory negligence. Beach, Contrib. Neg. § 373. The plaintiff, I think, failed to show the absence of contributory negligence, and the evidence is not sufficient to sustain the finding of the jury in that regard. For this reason the judgment should be reversed.

Judgment and order reversed on the law and the facts, and new trial granted; costs of appeal to the defendant to abide the event. All concur; SMITH and KELLOGG, JJ., in result.